IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:12CR00042 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TYSONN R. MANNING, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Tyson R. Manning, a federal inmate proceeding *pro se*, has moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The government has filed a motion to dismiss, and Manning has responded, making this matter ripe for consideration. Upon review of the record, the court concludes that Manning has not stated any claim for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

A federal grand jury charged Manning and ten codefendants in a seven-count indictment. Manning was charged with Count One, conspiracy to distribute one thousand kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and Count Four, distribution of a measurable quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1).[1] Pursuant to a written plea agreement signed by Manning, his counsel and the Assistant United States Attorney, Manning pleaded guilty to a lesser included offense of Count One, conspiracy to distribute more than 100 kilograms of marijuana. In the plea agreement, Manning agreed to "waive any right [he] may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel . . . ." (Plea Agreement at 7, Dkt. No. 266). Manning also agreed to "willingly stipulate there is a sufficient factual basis to support each and

---

[1] Counts Two and Three charged certain codefendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Counts Five, Six, and Seven charged certain codefendants with distribution of a measurable quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1).

every material factual allegation contained within the charging document(s) to which [he was] pleading guilty."[2] (*Id.* at 11).

On July 10, 2013, the court conducted Manning's sentencing hearing, where Manning was present with counsel. During the sentencing hearing, the court adopted the Presentence Investigation Report ("PSR") and the parties did not object. The PSR indicated a total offense level of 27 and a criminal history category of III, resulting in a guideline imprisonment range of 87 to 108 months. (PSR at 19, 25, Dkt. No. 379). The court imposed a sentence of 80-months imprisonment. Manning did not appeal.

In his § 2255 motion, Manning claims that his sentence was too severe compared to the sentences of his codefendants. Manning also claims that his criminal history was miscalculated as a result of the holding in *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011). Finally, Manning asserts that counsel provided ineffective assistance by failing to file a direct appeal.

**II.**

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Manning bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965); *Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

However, a collateral attack under § 2255 may not substitute for an appeal. Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are

---

[2] The plea agreement also provided that the government agreed to recommend a sentence at the low end of the applicable guideline range and a three-level reduction for acceptance of responsibility.

barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice or demonstrates actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Attorney error can serve as cause for default, but only if it amounts to a violation of the defendant's constitutional right to effective assistance of counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

To demonstrate ineffective assistance of counsel, a convicted defendant must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id*. at 689. In the plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

### III.

#### A. Argument for Sentence Reduction

Manning claims that there was a sentencing disparity between his sentence and codefendants' sentences and asks the court to reduce his sentence from 80 months to 40 months imprisonment. He argues that the alleged sentence disparity violates the Equal Protection Clause and that the court incorrectly applied 18 U.S.C. § 3553(a). As support, Manning asserts it is not his fault that he was born into a family involved in criminal activity and that "being a younger member of the family [he] could not . . . dictate anything." (Mot. to Vacate at 3, Dkt. No. 424). He states he was less culpable than other codefendants and his "level of involvement warrants a sentence below active participants." (*Id.* at 4). Finally, Manning asserts that the plea agreement was unclear regarding whether he had a criminal history category of II or III, and that the Rule of

3

Lenity should apply.[3] (Reply to Mot. to Dismiss at 8, Dkt. No. 450). The government argues that Manning waived the right to collaterally attack his sentence.

Manning's claim that his sentence was too severe is barred by his plea agreement, which waives his right to collateral attack except for claims of ineffective assistance of counsel. (Plea Agreement at 7, Dkt. No. 266). "A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster,* 403 F. 3d. 216, 220 (4th Cir. 2005). Manning has not claimed that his waiver was not knowing and voluntary. Indeed, Manning signed the plea agreement and initialed each page, including the page providing, "I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel . . . ." (Plea Agreement at 7, Dkt. No. 266). At the plea hearing, Manning confirmed that he was voluntarily giving up his right to collaterally attack the judgment at a later date. (Tr. Plea Hr'g at 22, Dkt. No. 432). Manning also confirmed his understanding that "if a sentence is more severe than [he] expected . . . [he] would still be bound by [his] plea." (*Id.* at 23). Prior to accepting his plea of guilty, the court found that Manning was fully capable of entering an informed plea, he understood the nature of the offenses and the elements that made up the offenses, and the plea was knowing and voluntary. (*Id.* at 32-33). Accordingly, the court concludes that Manning's waiver is valid.

Moreover, Manning has not shown that his sentence was unconstitutionally disparate from his codefendants. "[I]t is well settled that codefendants and coconspirators may be sentenced differently for their commission of the same offense." *United States v. Rodriguez*, 473 F. App'x 310, 311 (4th Cir. 2012), (citing *United States v. Pierce*, 409 F.3d 228, 235 (4th Cir.

---

[3] The rule of lenity "requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008).

2005)). "A criminal sentence violates the Equal Protection Clause only if it reflects disparate treatment of similarly situated defendants lacking any rational basis.'" *Pierce,* 409 F.3d at 234; *see also United States v. Ellis*, 975 F.2d 1061, 1065-66 (4th Cir. 1992) (recognizing that an otherwise proper sentence cannot be challenged on the basis of an alleged disparity between sentences of co-defendants) (*cert. denied*, 507 U.S. 945 (1993)). In addition, the court specifically considered Manning's criminal history, the codefendants' sentences, and the factors in 18 U.S.C. § 3553(a) when imposing his sentence. (Tr. Sentencing Hr'g at 34-35, Dkt. No. 392).[4]

Finally, Manning does not explain either how his plea agreement was ambiguous about his criminal history category or how this alleged ambiguity affected his case. Moreover, both the PSR and the court informed Manning of his criminal history category and guideline sentence prior to sentencing. The PSR indicated a criminal history category of III and stated that "[b]ased upon a total offense level of 27 and a criminal history category of III, the guideline imprisonment range is 87 months to 108 months." (PSR at 19, 25, Dkt. No. 379). Counsel for Manning confirmed that he had reviewed the PSR with Manning prior to the sentencing hearing. (Tr. Sentencing Hr'g at 1, Dkt. No. 392). The court clearly stated at the sentencing hearing that "there is a criminal history category of three, [and a] guideline custody range of 87 to 108 months."[5] (*Id.* at 3). Accordingly, these claims will be dismissed.

---

[4] Counsel for Manning argued for a downward departure at sentencing based on "the relative sentencing being handed down." (Tr. Sentencing Hr'g at 22-23, Dkt. No. 392).

[5] A review of the sentencing transcript reveals that the court may have misspoken on one occasion regarding Manning's criminal history category, stating that in the course of imposing the sentence it, "considered [Manning's] codefendants' sentence; that is, Chevron Little, who was a total offense level of 28; you, of course were a 27. He was a criminal history category three and you were a two. I made adjustments, because I thought you were similarly situated in certain respects, but I made adjustments in your sentence below his to 80 months." (Tr. Sentencing Hr'g at 37, DKT. No. 392). However, this single misstatement does not affect the court's analysis regarding Manning's § 2255 claims, as the record shows the court clearly recognized that Manning had a criminal history category of III. (S*ee Id.* at 23).

## B. Calculation of Criminal History Points

Manning claims that his criminal history was miscalculated as a result of the holdings in *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011), and *Miller v. United States,* 735 F.3d 141 (4th Cir. 2013). Manning incorrectly interprets *Simmons* to mean that "the Court cannot attach criminal history points nor predicate status to any conviction of [one] year or less."[6] (Mot. to Vacate at 6, Dkt. No. 424). Manning asserts that because he served less than one year in custody for each of his two misdemeanors, under *Simmons*, no criminal history points should have been assessed against him.[7] Manning's claim is without merit because it is based on an incorrect interpretation of *Simmons*.

*Simmons* "held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, [a court looks] not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history." *United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012) (emphasis in original). *Simmons* has no bearing on the calculation of Manning's criminal history category under the Sentencing Guidelines. First, both of the convictions at issue are Virginia convictions. Moreover, the Sentencing Guidelines expressly controvert Manning's contention that the court cannot attach criminal history points to any conviction of one year or less. Section 4A1.1(c) provides that one point shall be assessed

---

[6] In *Miller,* the Fourth Circuit held that *Simmons* announced a new substantive rule that is retroactive on collateral review. 735 F.3d at 147. Like *Simmons*, *Miller* has no bearing on Manning's case.

[7] Manning specifies these two convictions as his December 1, 2004 conviction for assault and battery, for which he served 5 days, and September 15, 2006 conviction for petty larceny, for which he served 3 days. The PSR calculated criminal history points as follows: (1) misdemeanor assault and battery conviction resulting in a sentence of 90-days imprisonment, with 85 days suspended (one criminal history point) and; (2) petit larceny conviction resulting in a sentence of 12-months imprisonment, with 11 months and 27 days suspended (one criminal history point).

6

for each prior sentence of imprisonment not counted under § 4A1.1(a) or (b), i.e. less than sixty days.[8] Moreover, § 4A1.2 expressly permits the attribution of criminal history points for offenses for which no active jail time was served. *See* U.S.S.G. § 4A1.2(a)(3), (c). Thus, Manning was properly attributed one criminal history point each for his Virginia convictions for assault and battery and petty larceny. (PSR at 16, 17, Dkt. No. 379). Accordingly, this claim will be dismissed.

### C. Ineffective Assistance

In his § 2255 motion, Manning alleges that counsel provided ineffective assistance by failing to file a direct appeal. (Mot. to Vacate at 12-13, 17, Dkt. No. 424). However, in his reply to the government's motion to dismiss, Manning says he is "not arguing [i]neffective [a]ssistance of [c]ounsel" and "an attorney can operate ineffectively without being ineffective." (Reply to Mot. to Dismiss at 1-2, Dkt. No. 450). Despite these statements, Manning then claims that, by not filing a direct appeal, counsel made an "arguable error." (*Id.* at 2-3). To the extent that Manning makes a claim for ineffective assistance, such claim has no merit. Manning does not claim that he told counsel to appeal his conviction. Thus, the relevant inquiry is, "whether the circumstances would reasonably have led counsel to conclude that 'a rational defendant would want to appeal,' prompting counsel's duty to consult." *United States v. Cooper*, 617 F.3d 307, 313 (4th Cir. 2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). A defendant's expression of an interest in appealing, without more, does not establish that he would have appealed but for counsel's deficient performance. *Flores-Ortega*, 528 U.S. at 486. Manning

---

[8] Section 4A1.1(a) provides that three points shall be assessed for each prior sentence of imprisonment exceeding one year and one month. Section 4A1.1(b) provides that two points shall be assessed for each prior sentence of imprisonment of at least sixty days not counted in (a). Section 4A1.2(c) provides that sentences of imprisonment for misdemeanor and petty offenses are counted for the purpose of computing criminal history, except for certain listed exclusions that are not relevant to this case.

7

fails to demonstrate that the circumstances would have reasonably led counsel to conclude that a rational defendant would want to appeal. Manning's plea agreement specifically provided that he knowingly and voluntarily waived any right to appeal, and stated that "by signing this agreement I am explicitly and irrevocably directing my attorney not to file a notice of appeal." (Plea Agreement at 7, Dkt. No. 266). Moreover, as a result of the plea agreement, Manning received a three point reduction in offense level for acceptance of responsibility, the government dropped Count Four, and Manning was convicted of a lesser included offense of Count One. Manning also fails to demonstrate prejudice. Accordingly, to the extent that Manning alleges a claim for ineffective assistance of counsel, his claim is dismissed.

## IV.

For the reasons stated herein, the court will grant the government's motion to dismiss.

Entered: May 13, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

8

Case 7:12-cr-00042-MFU   Document 458   Filed 05/13/15   Page 8 of 8   Pageid#: 2097